IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NORTH STAR MUTUAL INSURANCE )
COMPANY, )
 )
          Plaintiff, )
 )
v. ) Case No. 19-2019-JWL
 )
SARAH MAYER, )
 )
          Defendant. )
 )
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's motion to dismiss for lack of subjection matter jurisdiction (Doc. # 7). For the reasons set forth below, the Court **denies** the motion.

Plaintiff insurer, a Minnesota corporation with its principal place of business in Minnesota, issued an automobile insurance policy to defendant, a Kansas resident, with limits of $100,000 per person and $300,000 per accident. Plaintiff alleges defendant subsequently purchased a vehicle; that she did not add the vehicle to the policy within the required time period; defendant was then involved in an accident while driving the new vehicle; defendant sought to add the vehicle to the policy while fraudulently concealing the fact of the accident; plaintiff issued an endorsement adding the new vehicle to the policy; defendant then submitted a claim for the accident; and defendant discovered the fraudulent concealment and rescinded the endorsement. By this suit, plaintiff seeks a declaratory

judgment declaring that plaintiff has no duty to indemnify plaintiff for damages from the accident and that the policy endorsement is rescinded.

By its amended complaint, plaintiff invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332. In her motion to dismiss, defendant argues that this Court lacks subject matter jurisdiction under Section 1332 because the amount in controversy does not exceed $75,000 as required. *See id.* Defendant argues (and submits evidence to the effect) that she purchased the vehicle for $13,042.10, that the adjuster determined the vehicle to be a total loss and offered the sum of $8,328 to defendant, that the parties reached an agreement to settle the claim for $10,000 before plaintiff attempted to rescind the policy endorsement covering the vehicle, and that defendant threatened to bring suit in state court if plaintiff did not pay her demand of $10,000. Thus defendant argues that the amount in controversy is only $10,000. Plaintiff responds that because it seeks rescission of the policy with respect to this vehicle, the amount in controversy is the policy limit of $300,000.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). The Tenth Circuit follows the "either viewpoint rule," by which the amount in controversy may be met by either the value to the plaintiff or the cost to the defendant of the requested declaratory or injunctive relief. *See Lovell v. State Farm Mutual Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006).

Courts have generally held that if the suit concerns only the applicability of an insurance policy to a particular occurrence, the amount in controversy is measured by the

value of the underlying claim against the insurer; but if the validity of the policy is at issue—for instance, because the insurer sues to cancel the policy for fraud—the amount in controversy is the face value of the policy, and the fact of a present claim against the policy is irrelevant to the inquiry. *See* 14AA Chas. A. Wright, et al., *Federal Practice and Procedure* § 3710 (4th ed. 2011) (citing cases); *see also, e.g.*, *Evanston Ins. Co. v. Sun West Acquisition Corp.*, 2014 WL 988764, at * 3-6 (M.D. Fla. Mar. 13, 2014) (citing cases, including cases decided by the Fifth, Seventh, Eighth, and Eleventh Circuits); *Infinity Ins. Co. v. Sevilla Guerrero*, 2007 WL 2288324, at *3 (E.D. Cal. Aug. 8, 2007) (citing cases, including cases decided by the Seventh and Eighth Circuits).

In this case, plaintiff seeks rescission of the policy covering the new vehicle, based on its allegation of fraud by defendant. Thus, under the prevailing rule, the amount of the policy limit—measuring plaintiff's potential liability on a future claim under the policy—is the value to plaintiff of the declaratory relief sought in this action, and thus represents the amount in controversy for the purpose of determining the Court's diversity jurisdiction. Defendant has not cited any authority to support her argument in this context based on the value of her underlying claim; nor has defendant disputed the prevailing rule discussed above or offered any reason why that rule should not be applied in this case.[1] Accordingly, the Court concludes that it does have subject matter jurisdiction in this case.

Defendant also appears to argue that the Court should decline to exercise jurisdiction over plaintiff's declaratory judgment claim because the state court should be

---

[1] Defendant did not file a reply brief in support of her motion.

permitted to resolve the matter of defendant's $10,000 claim. Plaintiff argues: "There are [*sic*] a long line of cases beginning with *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942), that make it clear a federal court should refrain from exercising its discretion under the Declaratory Judgment Act in favor of actual or potential state court litigation involving the same parties and issues." As plaintiff's points out, however, *Brillhart* involved an existing state-court proceeding, and the Supreme Court made no pronouncement about "potential" state-court suits. *See id.* at 494. In *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), the Supreme Court reaffirmed *Brillhart* to the extent that a district court has "discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfied subject matter jurisdictional prerequisites," and it noted *Brillhart*'s guidance concerning cases in which another suit is pending in state court, but it did not address the exercise of that discretion in light of a *potential* state-court action. *See id.* at 283. The Tenth Circuit has dicussed *Brillhart* and *Wilton* in the context of existing parallel proceedings. *See United States v. City of Las Cruces*, 289 F.3d 1170, 1180-81 (10th Cir. 2002). Defendant has not cited any authority extending *Brillhart*'s guidance to cases involving only the *potential* for parallel proceedings. Nor has defendant offered any reasons why this Court should decline to exercise jurisdiction over plaintiff's suit for rescission, which necessarily involves the validity of the policy and not merely the denial of plaintiff's insurance claim, when no state-court case has been initiated. Accordingly, the Court rejects defendant's suggestion that the Court should decline to exercise jurisdiction in this case, and it therefore denies defendant's motion to dismiss in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. # 7) is hereby **denied**.

IT IS SO ORDERED.

Dated this 26th day of March, 2019, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge